UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DR. DENISE GATES,**

      **Plaintiff,**                                       Case No. 2:08-cv-27
                                                              JUDGE GREGORY L. FROST
      **v.**                                                     Magistrate Judge Mark R. Abel

**OHIO UNIVERSITY, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter came on for consideration of the motion to dismiss of Defendants, the Ohio Civil Rights Commission ("OCRC") and Duffy Jamieson, Assistant Attorney General ("A-AG") (Doc. # 4, 26), Plaintiff's memorandum in opposition (Doc. # 31), and the OCRC and A-AG Jamieson's reply in support of their motion to dismiss (Doc. 34). For the following reasons, the Court **GRANTS** the motion to dismiss.

### I. Background

On January 10, 2008 Plaintiff filed this action against Ohio University, Dr. John Furlow, Gary Lockwood, Karen Evans, Dr. Candace Thomas-Maddox, Gloria Ann Parish (together "the Ohio University defendants"), the OCRC and A-AG Duffy Jamieson (together "Defendants"). Plaintiff alleges that she was the victim of race and gender discrimination, the target of retaliation, a hostile work environment, and tortious interference with business relationships.

On April 2, 2008 the OCRC and A-AG Jamieson filed a motion to dismiss. (Doc. # 4.)

Before responding to the motion to dismiss, on April 21, 2008, Plaintiff's attorney filed a motion to withdraw. (Doc. # 10.) The Court granted that motion (Doc. # 11) and stayed this

action for thirty days so that Plaintiff could retain new counsel.  (Doc. # 12).  The Court also stayed the briefing on the pending motion to dismiss.

Plaintiff did not retain new counsel and has proceeded *pro se*.  On May 21, 2008 Plaintiff filed a motion to amend her complaint (Doc. # 13) but failed to file the proposed amended complaint with her motion.  On May 23, 2008 the Court ordered Plaintiff to file her proposed amended complaint by June 6, 2008.  (Doc. # 14.)

On June 6, 2008 Plaintiff filed her proposed amended complaint, which incorporated the previously filed complaint.  (Doc. # 15.)  On June 13, 2008 the Court granted Plaintiff's motion to amend the complaint.  (Doc. # 18.)

Pursuant to the Court's amended scheduling order, on June 23, 2008, the OCRC and A-AG Jamieson filed a supplement to their motion to dismiss (Doc. # 26) and the parties have now fully briefed that motion.

## II.  Standard

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6).  Under the United States Supreme Court's recent articulation of the standard, this Court must construe the complaint in favor of Plaintiff, accept the factual allegations contained in the complaint as true, and determine whether Plaintiff's factual allegations present plausible claims.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (post-*Bell Atlantic* case stating that Rule 12(c) standard is that the complaint must " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litigation*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007)).  The claims must be plausible and not merely conceivable.  *Bell Atlantic Corp.*,

127 S. Ct. at 1974; *Tucker v. Middleburg-Legacy Place, LLC*, No. 1:07CV2015, 2007 WL 3287359, at *2 (N.D. Ohio Nov. 5, 2007).

### III. Analysis

Plaintiff brings claims for monetary damages against the OCRC and A-AG Jamieson under 42 U.S.C. § 1983 ("Section 1983"). *See* Complaint at 20 ("Claim for Relief"). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983 (emphasis added). Defendants argue that they are absolutely immune from this lawsuit and, are therefore, entitled to be dismissed. This Court agrees.

### A. The Ohio Civil Rights Commission

In her Complaint, Plaintiff alleges that the OCRC failed to properly manage Plaintiff's discrimination and retaliation charge against the Ohio University defendants, which caused the charge to be improperly dismissed.

The Eleventh Amendment[1] to the United States Constitution renders states immune from suits for monetary damages in federal court brought by private citizens. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). Congress did not disturb the states' Eleventh Amendment immunity when it passed Section 1983. *Wolfel v. Morris*, 972 F.2d 712,

---

[1]The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

718-19 (6th Cir. 1992) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, n.10 (1989); *Quern v. Jordan*, 440 U.S. 332 (1979)).  Therefore, a state is not a "person" subject to suit under Section 1983.  *Id.* (citing *Will*, *supra*).

This Eleventh Amendment immunity extends to state agencies functioning as an arm of the state.  *Alabama v. Pugh*, 438 U.S. 781 (1978).  Defendants convincingly argue that for Eleventh Amendment immunity purposes the OCRC functions as an arm of the state of Ohio.  Plaintiff makes no argument to the contrary.  (*See generally*, Doc. # 31.)

When considering whether an entity is a state department for purposes of the Eleventh Amendment, "the primary issue is whether the state would ultimately be liable for any money judgment against the entity."  *Dubuc v. Mich. Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003) (citing *Brotherton v. Cleveland*, 173 F.3d 552, 560-61 (6th Cir.1999)).  Courts, however, also look to other factors, such as how state law defines the entity and the degree of control the state maintains over the entity.  *Id.*  (citing *Brotherton*, *supra*, at 561).

Here, the OCRC is created by state statute, O.R.C. § 4112.03.  Its membership is appointed by the governor, with the advice and consent of the senate.  *Id.*  Any monetary judgment entered against the OCRC would appear to be paid by the state of Ohio.  Indeed, this Court has previously held that the OCRC is an arm of the state entitled to immunity under the Eleventh Amendment.  *See Hayner v. City of Wash. Court House*, No. 2:06-CV-705, 2007 U.S. Dist. LEXIS 541 (S.D. Ohio 2007).

The Court concludes that the OCRC is an arm of the state and is protected against Plaintiff's claims against it by Eleventh Amendment immunity.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss the OCRC from this action.

**B. Assistant Attorney General Jamieson**

Plaintiff alleges that A-AG Jamieson failed to properly prosecute Plaintiff's administrative charge against the Ohio University defendants and improperly dismissed the charge for Plaintiff's failure to cooperate. Plaintiff does not indicate whether she is bringing this suit against Jamieson in his official or individual capacity. The Court will address both possibilities.

**1. In his official capacity, Jamieson is entitled to Eleventh Amendment immunity.**

Plaintiff brings suit against A-AG Jamieson also under Section 1983. However, to the extent that A-AG Jamieson is named in his official capacity, it is simply another way of pleading a claim against the state of Ohio, *Hafer v. Melo*, 502 U.S. 21, 25 (1991), and he is absolutely immune from damages liability under the Eleventh Amendment. *Will v. Mich. Dept. of Police*, 491 U.S. at *71;Kentucky v. Graham*, 473 U.S. at 169. The United States Court of Appeals for the Sixth Circuit has explained:

> [A] suit for damages against a state official in his or her official capacity cannot be maintained pursuant to § 1983. The reason for this was well stated by the Supreme Court:
>
>> Obviously state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). As such, it is no different from a suit against the state itself.

*Wolfel*, 972 F.2d at 718-19.

Consequently, Plaintiff cannot maintain this action for damages against A-AG Jamieson in his official capacity. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Jamieson in his official capacity.

5

### 2. In his individual capacity, A-AG Jamieson is entitled to absolute prosecutorial immunity from suit.

To the extent Plaintiff seeks to bring suit against A-AG Jamieson in his individual capacity, he is entitled to prosecutorial immunity. The United States Supreme Court has held that prosecutors in their personal capacities are absolutely immune from suits for monetary damages in initiating a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute prosecutorial immunity is not limited to criminal prosecutions. Government attorneys who initiate administrative hearings are also absolutely immune because "[t]he decision to initiate administrative proceedings against an individual or corporation is very much like the prosecutor's decision to initiate or move forward with a criminal prosecution." *Butz v. Economou*, 438 U.S. 478, 515 (1978).

Courts use a "functional approach" to determine whether prosecutorial immunity is available to protect an official from liability for the particular activities alleged to have violated a plaintiff's rights. *Imbler*, 424 U.S. at 431. Actions falling within the scope of the attorney's advocacy function are defined as those "intimately associated with the judicial phase of the criminal process[.]" *Id.* at 430. Furthermore, such immunity cannot be overcome by allegations of malice. *Id.* at 427.

In the case *sub judice*, Plaintiff alleges that A-AG Jamieson withdrew Plaintiff's administrative case for improper reasons. Defendants argue that, while it is not always clear whether a given action falls within the prosecutor's advocacy function, there is little doubt that a decision to withdraw the prosecution of a case does. *See Boone v. Kentucky*, 72 Fed. Appx. 306, 307 (6th Cir. 2003) ("The decision on whether or not to prosecute is unquestionably advocacy and is at the heart of the *Imbler* holding."); *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997)

(the immunity extends to a prosecutor's decision on whether or not to prosecute a case); *Pryor v. Harper*, 2:05-CV-475, 2007 U.S. Dist. LEXIS 57092, at *20 (S.D. Ohio August 3, 2007) (decision not to pursue charge was advocacy); *Coon v. Froehlich*, 573 F. Supp. 918 (S.D. Ohio 1983) ("prosecutors must be absolutely immune from civil suit for decisions not to prosecute")

Plaintiff makes no argument to the contrary.  (*See generally*, Doc. # 31.)

The Court concludes that Defendants have sufficiently shown that evaluation of an administrative complaint and the determination not to prosecute the complaint fall within a prosecutor's advocacy role sufficient to confer absolute immunity from liability for monetary damages.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss A-AG Jamieson in his personal capacity.

## IV.  Conclusion

Based on the foregoing, the Court **GRANTS** the motion to dismiss (Doc. # 4, 26) of the Ohio Civil Rights Commission and Assistant Attorney General Jamieson.  The Clerk is **DIRECTED TO DISMISS WITH PREJUDICE** these two defendants.

**IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**