# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DR. DENISE GATES,**

      Plaintiff,

v.

**GLORIA ANN PARRISH,**

      Defendant.

Case No. 2:08-cv-27
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's failure to comply with an Order of this Court issued on January 5, 2010.

On December 11, 2009, Defendant filed a motion to dismiss (Doc. # 140), requesting dismissal of this action for Plaintiff's failure to comply with an Order issued by this Court that granted Defendant's motion to compel Plaintiff to answer Defendant's interrogatories (Doc. # 137). On January 5, 2010, this Court issued an Opinion and Order that stated:

> The Court **ORDERS** Plaintiff to respond to Defendant's interrogatories within 10 days of the date of this Opinion and Order and to **FILE NOTICE** of her compliance with this Court at that same time. Failure to comply with these orders may result in sanctions up to and including dismissal of this action.

(Doc. # 144 at 2.) Plaintiff has failed to comply with this Order.

Not only has Plaintiff failed to comply with these two Court Orders directing her to properly engage in discovery, Plaintiff previously failed to comply with an Order requiring her to attend her properly noticed deposition. Plaintiff had informed the Ohio University Defendants that she would not attend and participate in a deposition. These defendants contacted the Court to request an informal telephone conference pursuant to Southern District of Ohio Rule 37.1.

1

Magistrate Judge Abel held two telephone conferences, on June 8 and June 9, 2009.  As a result of these conferences, Judge Abel ordered Plaintiff's deposition to be held at this Court and warned Plaintiff that the "[f]ailure to attend her deposition can result in dismissal of her lawsuit." (Doc. # 126) (citing Fed. R. Civ. P. 37(b)(2)(A)(v), 37(d)(1)(A)(i) and 37(d)(3)).

On the day of her deposition, the Ohio University Defendants, their counsel, and a court reporter waited at this Court at the scheduled date and time for Plaintiff.  Plaintiff, however, failed to appear at the deposition.  (Doc. # 130.)  Instead of attending the deposition, Plaintiff filed a voluntary dismissal of the Ohio University Defendant (Doc. # 119), which this Court granted.  (Doc # 128).

As a result of the dismissal of the Ohio University Defendants, Gloria Ann Parrish, Defendant's mother, is the only remaining Defendant.  Plaintiff's sole claim against Defendant Parrish is one for tortious interference with business relationships.  (Doc. # 1 at 19.)  However, with regard to that claim, a final pretrial conference was scheduled to be held in this action on January 5, 2010 at 12:30 p.m. at which Plaintiff failed to attend.  Plaintiff did not contact the Court to inform it of her intent not to attend or to attempt to vacate the conference.

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir. 1985).  Ordinarily, some notice of a court's intention to dismiss for failure to prosecute is required, *see Harris v. Callwood*, 844 F.2d 1254 (6th Cir. 1988), but that requirement is met if the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs.  *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir. 1972)(per

curiam).  Dismissal may also be an appropriate sanction for failing to comply with an order compelling discovery.  *See* Fed. R. Civ. P. 37.

Here, Plaintiff has failed to carry out a number of her responsibilities as the person who filed this lawsuit.  She has, without explanation, failed to attend a scheduled conference before the Court.  Also, she has not provided full discovery to Defendant Parrish and has disregarded two Orders from this Court to provide such discovery.  Further, she failed to attend her scheduled deposition, despite an Order from this Court requiring her to attend it.  Finally, this Court twice specifically warned Plaintiff in writing that her failure to follow these specific Orders may result in dismissal of this action.  Given this history, it is unreasonable to continue to subject Defendant to the obligation of defending this action when her ability to do so has been stymied by Plaintiff's inaction.

Consequently, the Court **DISMISSES** with prejudice this action.  The Court **VACATES** the final pretrial conference scheduled for January 27, 2010.  The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost  
GREGORY L. FROST  
UNITED STATES DISTRICT JUDGE